# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **TYSON FORD,** ) | |
| ) | |
| Petitioner, ) | |
| ) | **Criminal No.** |
| v. ) | **05-10326-FDS** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER
## ON MOTION FOR A CERTIFICATE OF APPEALABILITY

**SAYLOR, J.**

Petitioner Tyson Ford was convicted in this court under the felon-in-possession statute, 18 U.S.C. § 922(g)(1), and was given a mandatory minimum sentence of 15 years under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). The United States Court of Appeals for the First Circuit affirmed his conviction. He subsequently filed a petition under 28 U.S.C. § 2255, seeking relief on the grounds that his sentence was imposed in violation of the Constitution or was in excess of the maximum authorized by law. In substance, Ford contended that in light of the Supreme Court's opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015), he did not have a sufficient number of qualifying convictions under the ACCA. On November 16, 2016, the Court granted that petition.

Ford now seeks a certificate of appealability ("COA") in order to cross-appeal the granting of his petition. For the reasons that follow, that motion will be granted.

To appeal the final order in a proceeding instituted under 28 U.S.C. § 2255, the petitioner

must first obtain a COA from a circuit justice or a district court. *See* 28 U.S.C. § 2253(c). A COA will issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

As noted, Ford's petition under § 2255 was granted. The government has filed a notice of appeal as to that ruling. Ford seeks to cross-appeal as to certain aspects of the Court's ruling that were not favorable to him, notwithstanding the fact that he prevailed on the petition. In particular, Ford seeks a COA as to the following issues:

1. whether the Massachusetts Assault and Battery by Dangerous Weapon ("ABDW") statute (or any A&B variant offense) is divisible;

2. whether a Massachusetts conviction for ABDW is disqualified as a predicate offense under the ACCA because of the possibility of a conviction for mere touching (in other words, intentional ABDW (or any A&B variant offense) is not overbroad);

3. whether a conviction for Massachusetts armed robbery qualifies as a violent felony;

4. whether a conviction for Massachusetts unarmed robbery qualifies as a violent felony; and

5. whether a conviction for Massachusetts assault with intent to rob qualifies as a violent felony.

Without ruling either as to the merits of the appeal or the appealability of those rulings, the Court finds that jurists of reason could disagree with the Court's resolution of petitioner's constitutional claims.  The request for a COA will therefore be granted.

## III.     Conclusion

In accordance with the foregoing, Ford's application for a certificate of appealability is GRANTED as to the five issues identified above.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated:  December 21, 2016